# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JAMES K. WALKER,

    *Plaintiff,*

vs.

Case No. 17-03176-EFM-ADM

JEFF EASTER and HAROLD STOPP, D.O.,

    *Defendants.*

## MEMORANDUM AND ORDER

    Plaintiff James Walker, proceeding pro se, alleges that he received inadequate medical care while in custody of the Kansas Department of Corrections. Plaintiff is currently on his Third Amended Complaint, and Defendants Jeff Easter and Harold Stopp, D.O. are the only remaining defendants. This matter come before the Court on three motions filed by Plaintiff: (1) Doc. 68, which is captioned as "Pro-Se Plaintiff James Walker Petition a Motion to Dissolve;" (2) Doc. 69, which is captioned as "Pro-Se Plaintiff James Walker Petition a Motion to Add Defendants to the Court Docket;" and (3) Doc. 70, which is captioned as "Pro-Se Plaintiff James Walker Petition a Motion of Objection to Order of rulings of Court at Time Ruling of Court is made or sought, if party has no opportunity to object to ruling or Order at Time it was made and/or motion to Strike." The Court denies Plaintiff's motions set forth in Docs. 68 and 69. Because Plaintiff is entitled to a jury trial, it grants in part and denies is part Plaintiff's motion set forth in Doc. 70.

## I. Procedural Background

Plaintiff filed his initial Complaint in this case on October 5, 2017. The Court reviewed the Complaint and found that it did not comply with the Federal Rules of Civil Procedure governing joinder. Plaintiff filed an Amended Complaint on November 13, 2017, which also failed to comply with the joinder rules. The Court gave Plaintiff thirty days to file a Second Amended Complaint that corrected the deficiencies. On January 31, 2018, Plaintiff filed two Second Amended Complaints. The first Second Amended Complaint named (fnu) Harvey, (fnu) Padoc, Jeff Roberts, (fnu) Craft, (fnu) Showlander, (fnu) Taylor, Audrey Griffin, and (fnu) Abbett as Defendants. The second named Alisa (lnu), Bill (lnu), Sara (lnu), Travis (lnu), Audrey Griffin, and Harold Stopp as Defendants. The Court then ordered Plaintiff to inform it which Second Amended Complaint he wished to proceed on as the operative complaint in this case. In response, Plaintiff filed another complaint on February 26, 2018, which the Court docketed as his Third Amended Complaint.

The Third Amended Complaint names Dr. Stopp, Dr. Audrey Griffin, Dr. Travis (lnu), Sara (lnu), Alicia (lnu), Jeff Easter, Bill (lnu), (fnu) Smith, (fnu) Taylor, (fnu) Padic, (fnu) Santos, (fnu) Tombs, (fnu) Sullentroupe, and (fnu) Perceil as Defendants. Plaintiff asserts multiple claims, including violation of his constitutional rights under the First, Fifth, Sixth, Eighth, and Fourteenth Amendments because of cruel and unusual punishment, negligence, entrapment, and defamation. Plaintiff's claims arise from an alleged lack of medical care he received for a painful skin condition while incarcerated at the Sedgwick County Adult Detention Facility.

On March 9, 2018, the Court issued a show cause order (Doc. 23) directing Plaintiff to show cause as to why Defendants Taylor, Smith, Padic, Santos, Tombs, Sullentroupe, and Perceil should not be dismissed from the action. The Court also ordered a *Martinez* report to be completed.

On June 6, 2018, the Court issued a screening order (Doc. 29) dismissing Defendants Taylor, Smith, Padic, Santos, Tombs, Sullentroupe, and Perceil. The order referred to these Defendants as "non-medical personnel" and concluded that Plaintiff failed to state a claim against these Defendants upon which relief may be granted.[1] The Court also dismissed Plaintiff's damages claims against Defendant Easter, his claims under the Equal Protection Clause, the First, Fifth, and Sixth Amendments, and the Americans with Disability Act, and his entrapment and defamation claims.

Defendants Sara (lnu), Alicia (lnu), Dr. Bill (lnu), Dr. Travis (lnu), and Dr. Griffin (the "Medical Defendants") subsequently filed a motion to dismiss for failure to state a claim. Dr. Stopp also filed a motion to dismiss, joining in and incorporating by reference the Medical Defendants' motion. In its order filed November 7, 2018, the Court dismissed the Medical Defendants from the case. The Court, however, denied Dr. Stopp's motion.

On June 24, 2019, Plaintiff filed the three motions pending before the Court. Plaintiff's first and second motions relate to the dismissal of the Non-medical Personnel Defendants and the Medical Defendants. The third motion is a hand-written 84-page document seeking multiple forms of relief. The two remaining Defendants in this case, Easter and Dr. Stopp, have responded to the motions. Therefore, they are ripe for the Court's consideration.

## II.    Legal Standard

"A pro se litigant's pleadings are to be liberally construed and held to a less stringent standard."[2] A court must look beyond a failure to cite proper legal authority, confusion of legal

---

[1] The Court will refer to these Defendants as "Non-medical Personnel Defendants" in the remainder of this Order.

[2] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991) (citation omitted).

theories, and poor syntax or sentence construction.[3] But, the Court is not an advocate for the pro se litigant.[4] "Despite the liberal construction afforded pro se pleadings, the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."[5] Furthermore, pro se litigants are not relieved from following the same rules of procedure as any other litigant.[6] Thus, a pro se litigants must follow the Federal Rules of Civil Procedure and the District of Kansas Local Rules.[7]

### III. Analysis

**A. Motion to "Dissolve" (Doc. 68)**

Plaintiff's first motion seeks to "reverse judgment" on 14 listed pleadings and the dismissal of the Non-medical Personnel Defendants, the Medical Defendants, and non-parties to the lawsuit. Specifically, Plaintiff seeks to reverse judgment on 11 pleadings that are not orders of the Court:

(1) Doc. 26- Written Report

(2) Doc. 33- Answer of Defendant Sheriff Jeff Easter

(3) Doc. 36- Waiver of the Service of Summons by Jeff Easter

(4) Doc. 37- Waiver of the Service of Summons by Audrey Griffin

(5) Doc. 38- Waiver of the Service of Summons by Bill Wondra

(6) Doc. 39- Waiver of the Service of Summons by Sara Hallacy

(7) Doc. 40- Waiver of the Service of Summons by Alicia Mefford

---

[3] *Id.*

[4] *Id.*

[5] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir.1991) (citation omitted).

[6] *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

[7] *Id.*; *Campbell v. Meredith Corp.*, 260 F. Supp. 2d 1087, 1096 n.10 (D. Kan. 2003).

(8) Doc. 41- Waiver of the Service of Summons by Travis Nickelson

(9) Doc. 42- Medical Defendants' Motion to Dismiss

(10) Doc. 43- Memorandum in Support of Medical Defendants' Motion to Dismiss

(11) Doc. 44- Defendant Harold Stopp, D.O.'s Motion to Dismiss

Plaintiff also seeks to reverse judgment on three Court orders: (1) Doc. 23- the March 9, 2018, show cause order; (2) Doc. 29- the June 6, 2018, screening order dismissing the Non-medical Personnel Defendants; and (3) Doc. 45- the November 7, 2018, order dismissing the Medical Defendants. Lastly, Plaintiff seeks to "reverse judgment" on the alleged dismissal of non-party Jared Schechter.

The Court denies Plaintiff's request to "reverse judgment" on the documents that are not Court orders. This includes Defendant Easter's Answer, a Written Report, and the various waivers of service of summons. This relief is not authorized by the Federal Rules of Civil Procedure, the Local Rules of the District of Kansas, statutory law, or case law.

The Court also denies Plaintiff's request to reverse judgment on the dismissal of Jared Schechter. This individual has not been named as a defendant in any of the four handwritten complaints Plaintiff has filed to date. Therefore, he has never been previously dismissed from this lawsuit.

Finally, the Court denies Plaintiff's request to "reverse judgment" on Docs. 23, 29, and 45 and the dismissal of the Non-medical Personnel Defendants and the Medical Defendants. One interpretation of Plaintiff's motion is that he is seeking reconsideration of Docs. 23, 29, and 45. A motion to reconsider is governed by D. Kan. Rule 7.3. Subsection (a) of that rule states that a party seeking reconsideration of a dispositive order or judgment must file a motion pursuant to Fed. R.

Civ. P. 59(e) or 60.[8] Under Rule 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Rule 60 allows a court to relieve a party from a final judgment because of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged . . . ; or (6) any other reason that justifies relief.[9]

Subsection (b) of D. Kan. Rule 7.3 governs when a party may seek reconsideration of a non-dispositive order. A party seeking reconsideration of a non-dispositive order must file the motion within 14 days after the order is filed unless the Court extends the time.[10]

The show cause order in Doc. 23 is non-dispositive, while the orders in Docs. 29 and 45 are dispositive. Plaintiff has not met the 14-day requirement set forth in D. Kan. Rule 7.3(b), and thus a motion to reconsider Doc. 23 is untimely. As to Docs. 29 and 45, Plaintiff has neither met the timeliness requirement in Rule 59(e) nor identified any basis as to why the Court may relieve him from those judgments. Plaintiff's motion states the relief he is requesting, makes allegations about his claims, and lists unrelated cases and terms. The Court therefore denies Plaintiff's motion. Plaintiff's only recourse as to Docs. 29 and 45 is to file an appeal with the Tenth Circuit Court of Appeals when this case is closed.

**B. Motion to Add Defendants to the Court Docket (Doc. 69)**

---

[8] D. Kan. Rule 7.3(a).

[9] Fed. R. Civ. P. 60(b).

[10] *Id.*

Plaintiff's second motion before the Court seeks "to add Defendants on to the Court Docket." Plaintiff requests to add the following individuals to the Court's docket: (1) the Medical Defendants (2) the Non-medical Personnel Defendants except Defendant Tombs; and (3) non-party individuals Jennifer Baker, Raymond Winger, Sarah Wilison, Melissa Templin, and Jared Schecter. Plaintiff's request is not authorized by the Federal Rules of Civil Procedure or the District of Kansas Local Rules.

Plaintiff's motion can be interpreted as both a motion to amend his Third Amended Complaint to add new defendants and a motion for reconsideration of the Court's order dismissing the Non-medical Personnel and Medical Defendants from the case. To the extent the Court construes it as a motion to amend, Plaintiff has not complied with D. Kan. Rule 15.1(a)(2).[11] That rule requires a party filing a motion to amend to attach the proposed pleading or other document. Plaintiff has not attached a proposed Fourth Amended Complaint to his motion.

To the extent the Court construes Plaintiff's motion as one for reconsideration of the Court's prior orders dismissing the Non-medical Personnel and Medical Defendants, Plaintiff has not complied with D. Kan. Rule 7.3(a) or Rules 59(e) or 60. Plaintiff's motion is untimely under Rule 59. It is also devoid of any facts or argument under which the Court may grant relief under Rule 60. Therefore, the Court denies Plaintiff's motion.

**C.      Motion of Objection to Order of Rulings of Court (Doc. 70)**

Plaintiff's third motion before the Court is captioned "motion of Objection to Order of Rulings of Court at Time Ruling or order of Court is made or sought, if party has not opportunity

---

[11] *See Olson v. Carmack*, 2015 WL 5637535, at *2 (D. Kan. 2015) (denying pro se litigant's motion to amend complaint because the motion did not comply with D. Kan. Rule 15.1).

to object to Rule or Order at Time it was made and/or motion to Strike." As Defendants noted in their response brief, it takes considerable effort to discern what relief Plaintiff is seeking in this motion. The Court will therefore focus on the section of the motion entitled "Relief." Based on this section, Plaintiff appears to be seeking:

    (1) To "reopen" Case No. 17-3176-SAC (which is this case) "to put in all missing evidence discussed herein."

    (2) To "add Defendants to the Court docket." This appears to be the same request set forth in the two motions discussed above.

    (3) A jury trial on all issues triable by a jury.

    (4) A declaration that the acts and omissions contained in his motion violated his rights under the "Constitution and Laws of the United States." This request is reiterated several times throughout Plaintiff's motion.

    (5) A "Proclamation of the Preliminary and Permanent Injunction" ordering the two remaining Defendants, the previously dismissed Defendants, and possibly unnamed parties to pay various compensatory damages totaling $750,000, an additional $7.3 million in compensatory damages, and $1 in nominal damages.

    (6) Punitive damages in the amount of $3,377,557.

    (7) An award of costs in the amount of $1,825,519.84 and an additional $1 in nominal damages.

As an initial matter, the Court notes that Plaintiff's motion violates D. Kan. Rule 7.1. Plaintiff has not filed a memorandum in support of his motion as required by D. Kan. Rule 7.1(a). If his 84-page motion is supposed to a memorandum filed in support of his other two motions, then it exceeds the 30-page limitation in D. Kan. Rule 7.1(e). Plaintiff's motion may be dismissed on these grounds alone.

Even if the Court considers Plaintiff's motion on the merits, it must deny all but one of his requests for relief. First, the Court cannot "reopen" this case to put in missing evidence. The case

has never been closed, is currently open, and any evidence contained in Plaintiff's motion is now part of the record.

Second, the Court denies Plaintiff's request to add previously dismissed Defendants and non-parties to the Court docket. This request is the same request set forth in his two previous motions discussed herein. The Court denies this request on the same bases discussed above.

Third, the Court denies Plaintiff's requests for judgment as a matter of law, a declaration that Defendants' actions violated his constitutional rights, damages, and injunctive relief. The Court presumes that Plaintiff is asking the Court to grant him judgment as a matter of law on his claims and his requested monetary and injunctive relief. To that extent, the Court construes the motion as one for summary judgment. But, Plaintiff has not complied with Federal Rule of Civil Procedure 56 which governs summary judgment motions. His motion does not contain a statement of uncontroverted facts as required by Rule 56(c).[12] Instead, he offers conclusory allegations interspersed with unrelated citations to case claw. None of his facts are supported with citations to an affidavit, document, or other record in this case as required by Rule 56. Therefore, Plaintiff's requests for judgment as a matter of law, damages, and injunctive relief are denied.

As to Plaintiff's demand for a jury trial, the Court grants Plaintiff's motion. Under Federal Rule of Civil Procedure 38, a party may demand a jury trial by (1) serving a written demand on the other parties within 14 days after the last pleading directed to the issue is served; and (2) filing the demand pursuant to Rule 5(d).[13] A party waives a right to a jury trial unless the demand is

---

[12] *See* Fed. R. Civ. P. 56(c) ("A party asserting that a fact cannot be or is genuinely dispute must support the assertion by: (A) citing to particular parts of material in the record including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials . . . ."

[13] Fed. R. Civ. P. 38(b).

properly served and filed.[14]  Here, Plaintiff did not make an appropriate demand for a jury trial within the 14-day period set forth in Rule 38.  However, under Rule 39(b), a court has discretion to order a jury trial upon motion of a party, notwithstanding the party's failure to make a timely demand for such.[15]  This discretion is very broad, and in the absence of compelling reasons to the contrary, a court should exercise its discretion to grant a jury trial.[16]

Here, Defendants have not offered any compelling reasons as to why the Court should not grant Plaintiff's request.  They only state that Plaintiff's request is not appropriate at this time and that they may request a jury trial at a later date.  The Court finds no compelling reason as to why it should not exercise its discretion.  Therefore, Plaintiff's request for a jury trial is granted.  All remaining relief Plaintiff requests in his motion is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's "Petition a Motion to Dissolve" (Doc. 68) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Petition a Motion to Add Defendants to the Court Docket" (Doc. 69) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Petition a Motion of Objection to Order of Rulings of Court at Time Ruling or Order of Court is made or sought, if party has no opportunity to object to ruling or Order at Time it was made and/or motion to Strike" (Doc. 70) is **GRANTED IN PART AND DENIED IN PART**.  The Court grants Plaintiff's request for a jury trial.  The Court denies all other requested relief.

---

[14] Fed. R. Civ. P. 38(d).

[15] Fed. R. Civ. P. 39(b).

[16] *Nissan Motor Corp. in U.S.A. v. Burciaga*, 982 F.2d 408, 409 (10th Cir. 1992).

**IT IS SO ORDERED**.

Dated this 8th day of October, 2019.

                                            ERIC F. MELGREN
                                            UNITED STATES DISTRICT JUDGE