# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JAMES K. WALKER,

    *Plaintiff,*

vs.

Case No. 17-3176-EFM-ADM

JEFF EASTER and HAROLD STOPP, D.O.,

    *Defendants.*

## MEMORANDUM AND ORDER

Proceeding pro se, Plaintiff James K. Walker filed this suit alleging that he received inadequate medical care while in custody of the Kansas Department of Corrections. This matter comes before the Court on Plaintiff's four objections to Magistrate Judge Angel D. Mitchell's orders (Docs. 88, 89, 92, and 117). Plaintiff's first objection is to the Magistrate Judge's rulings at Docs. 85 and 86 denying Plaintiff's Motion to Supplement Complaint and motion for miscellaneous relief. Plaintiff's second objection relates to his affidavit filed at Doc. 84, and his third objection is to the Magistrate Judge's denial of his Motion for Reconsideration. Finally, Plaintiff's fourth objection is to Magistrate Judge Mitchell's denial of his Motion to Compel Discovery. For the reasons set forth below, Plaintiff's objections are overruled.

## II. Legal Standard

Upon objection to a magistrate judge's order on a non-dispositive matter, the district court may modify or set aside any portion of the order that it finds to be "clearly erroneous or contrary to law."[1] "To be clearly erroneous, a decision must strike [the Court] as more than just maybe or probably wrong."[2] The Court does not conduct a de novo review when reviewing factual findings, but applies a more deferential standard that requires the moving party to show that the magistrate judge's order is clearly erroneous.[3] In contrast, the "contrary to law" standard permits independent review of legal matters.[4] But because a magistrate judge has broad discretion in resolving non-dispositive discovery matters, the Court is required to affirm the magistrate judge's order unless the entire evidence leaves it "with the definite and firm conviction that a mistake has been committed."[5]

Because Plaintiff appears pro se in this case, the Court must liberally construe his pleadings.[6] The Court, however, is not an advocate for the pro se litigant.[7] "Despite the liberal

---

[1] 28 U.S.C. § 636(b)(1)(A); *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000); Fed. R. Civ. P. 72(a).

[2] *Parts & Elec. Motors, Inc. v. Sterling Elec.*, 866 F.2d 228, 236 (7th Cir.1988).

[3] *See Burton v. R.J. Reynolds Tobacco Co.*, 177 F.R.D. 491, 494 (D. Kan.1997) (citations omitted).

[4] *McCormick v. City of Lawrence*, 2005 WL 1606595, at *2 (D. Kan. July 8, 2005).

[5] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir.1988) (quoting *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948*)); see also Smith v. MCI Telecomm. Corp.*, 137 F.R.D. 25, 27 (D. Kan.1991) (stating that the district court generally defers to the magistrate judge and overrules an order only for a clear abuse of discretion).

[6] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991) (citation omitted).

[7] *Id*.

construction afforded pro se pleadings, the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."[8]

### III. Analysis

**A. Objections to Magistrate Judge's Rulings at Docs. 85 and 86 (Doc. 88)**

On July 17, 2019, Plaintiff filed a Motion to Supplement Complaint (Doc. 80), a motion for miscellaneous relief (Doc. 81), and a Motion for Damages Under the Disability Statutes (Doc. 82). Two days later, the Court denied the Motion to Supplement and the Motion for Damages without prejudice in a text entry (Doc. 85) stating:

> The [C]ourt construes these motions as motions to amend the pleadings pursuant to Fed. R. Civ. P. 15. On June 27, 2019, the [C]ourt denied a previously filed motion to amend, finding that the motion appeared to be an improper attempt to circumvent prior orders dismissing certain defendants and claims in this case. In that 72 order, the [C]ourt also noted that plaintiff had already filed 68 , 69 , 70 three motions pending before the district judge that also seek to add previously dismissed defendants and seek to reassert previously dismissed claims. The [C]ourt stated that it would evaluate whether to permit plaintiff to file a renewed motion to amend after the court decided Mr. Walker's other pending motions. The [C]ourt has not yet ruled on those motions, and so Mr. Walker's motions to amend the pleadings are premature. The [C]ourt denies the motions without prejudice. Again, the [C]ourt will evaluate whether to permit Mr. Walker to file a renewed motion to amend after the district judge rules on Mr. Walker's other pending motions.

Plaintiff now objects to the Magistrate Judge's denial of his request to supplement his complaint. Plaintiff, however, has not expressed any reason why the Magistrate Judge's decision was incorrect. Instead, he lists case citations he believes are relevant to his deliberate indifference claim—a claim that he has already asserted in this case. The Court does not find any mistake in Magistrate Judge Mitchell's ruling at Doc. 85. Therefore, the Court will not overrule Magistrate Judge Mitchell's rulings denying Plaintiff's Motion to Supplement Complaint.

---

[8] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir.1991) (citation omitted).

As to Plaintiff's motion for miscellaneous relief, Magistrate Judge Mitchell stated via text entry (Doc. 86) that she had reviewed this motion and found it unclear what relief Plaintiff seeks. She added that the Court would discuss the motion at the status conference on July 25, 2019, and that until then, Defendants need not respond to the motion. At the status conference, Plaintiff stated that he was requesting the Court to appoint an expert witness for him. Defendants opposed the request. After argument, Magistrate Judge Mitchell denied the motion. She stated that Federal Rule of Evidence 706 gives the Court the authority to appoint an expert, but the purpose of the rule is to assist the Court. She also cited opinions within the Tenth Circuit denying a request to appoint an expert. A text entry entered on July 25 (Doc. 87) confirmed that for reasons stated during the status conference, Magistrate Judge Mitchell denied Plaintiff's motion.

Again, Plaintiff has not addressed why the Magistrate Judge's ruling was improper. He does not even raise the issue of expert witnesses in his motion. Instead, he simply repeats case law citations he believes are related to his deliberate indifference claim. Furthermore, Magistrate Judge Mitchell's ruling is supported by case law from this district.[9] Therefore, the Court denies Plaintiff's request to overrule Magistrate Judge Mitchell's ruling at Doc. 81.

**B.      Objections to Affidavit Filed at Doc. 84 (Doc. 89)**

Plaintiff's next objection is styled "Objection to Magistrate Judge Angel D. Mitchell's recommendation on [Doc 84] Plaintiff's AFFIDAVIT." Document 84 is an affidavit filed by Plaintiff. Magistrate Judge Mitchell has not issued any ruling, order, or recommendation

---

[9] *See Cox v. Lnu*, 2014 WL 6474210, at *5 (D. Kan. 2014) (stating that any appointment of an expert under Rule 706 would be for the benefit of the court, the trier of fact, and not simply for the benefit of the plaintiff or as a substitute for a retained expert witness); *Boatright v. Larned State Hosp.*, 2007 WL 1246220, at *1 (D. Kan. 2007) (explaining that the Court should only hire an expert witness under Rule 706 "sparingly, particularly given the large volume of indigent prisoner cases and the substantial expense that [the] defendant or the court would have to bear if the court were to appoint an expert").

concerning Document 84. Therefore, the Court will overrule Plaintiff's objection related to this document.

C. **Objections as to Magistrate Judge's Order Denying Motion for Reconsideration (Doc. 92)**

Plaintiff objects to the Magistrate Judge's ruling on his Motion for Reconsideration of Magistrate Mitchell's orders at Docs. 85 and 86 (Doc. 91). As noted above, Doc. 85 is a text entry denying without prejudice Plaintiff's Motion to Supplement Complaint and Motion for Damages under the Disability Act Statutes. Doc. 86 is a text entry in which Judge Mitchell explains that it is not clear what relief Plaintiff is requesting in his miscellaneous motion and that she would take the matter up at the July 25, 2019, status conference between the parties. In her order denying Plaintiff's motion for reconsideration of these orders, Magistrate Judge Mitchell stated that Plaintiff had not met any of the grounds upon which a motion for reconsideration must be based: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[10]

Plaintiff's objection does not contain any cognizable argument as to why Magistrate Judge Mitchell's ruling was improper. He has not shown that his previous pleading contained an argument that there is an intervening change in controlling law, that new evidence is available, or that there is a need to correct clear error or prevent manifest injustice. Therefore, the Court overrules Plaintiff's objection to the Magistrate Judge's denial of his Motion for Reconsideration at Doc. 91.

---

[10] *See* D. Kan. Rule 7.3(b).

**D. Objection to Magistrate Judge's Order Denying Motion to Compel (Doc. 117)**

The final objection to be addressed by the Court is captioned "File Objections Pro-se Plaintiff James Walker Petition in the Honorable Court Objection to Magistrate Angel D. Mitchell's Recommendation." In this objection, Plaintiff appears to be objecting to Magistrate Judge Mitchell's order denying his Motion to Compel Discovery.

In July 2019, Plaintiff filed a document that was titled as a motion but appeared to be discovery requests. Magistrate Judge Mitchell addressed the document at a status conference and explained to Plaintiff how to properly submit requests for production ("RFPs"). Plaintiff subsequently submitted RFPs to Defendants on August 1. Dr. Stopp responded to the discovery on August 17. Sheriff Easter received the RFPs on August 8 and responded on September 3.

In addition to the RFPS, Plaintiff also filed a "Motion Privilege Log." The Court denied this motion because it appeared to contain a list of categories of documents that Plaintiff sought. The Court also reminded Plaintiff that he should not file discovery requests with the Court.

On August 21, Plaintiff filed a Motion to Compel seeking documents responsive to his RFPs and additional categories of documents not encompassed within the RFPs. The Court denied this motion concluding that Defendants had not failed to timely respond and that Defendant Stopp was not required to produce documents he did not have in his possession, custody, or control. The Court also stated that Dr. Stopp was not required to produce a privilege log because Dr. Stopp had not withheld any documents based on privilege. With regard to the RFPs served on Sheriff Easter, the Court denied Plaintiff's motion without prejudice because Sheriff Easter had not yet served his responses when Plaintiff filed his motion to compel. Finally, the Court denied Plaintiff's request for additional categories of documents not encompassed within the RFPs. The Court explained

that when ruling on a motion to compel, the Court only addresses formal discovery requests served under the Federal Rules of Civil Procedure.

Plaintiff now objects to Magistrate Judge Mitchell's ruling on his Motion to Compel. Like his other objections, Plaintiff has not provided any reason why Judge Mitchell's filing was completely erroneous. Instead, he generally states that Defense counsel failed to respond to his discovery requests and lists 11 categories of documents that he seeks. Both Dr. Stopp's and Sheriff Easter's discovery responses were timely filed, and Plaintiff has not provided any evidence that Dr. Stopp did not sufficiently respond to the RFPs. Magistrate Judge Mitchell did not abuse her discretion in denying Plaintiff's Motion to Compel.

Finally, the Court notes that Plaintiff's objection requests that "Defendant's motion for summary judgment be denied or stayed because Plaintiff have [sic] not had sufficient opportunity to obtain the necessary facts through [Doc 108], [Doc 103], [Doc 101], [Doc 83]."[11] The Court denies this request as it was not made in response to Defendants' Motion for Summary Judgment but in his objection to Magistrate Judge Mitchell's ruling. Even if the Court were to consider this request, Plaintiff has not met his burden to show that a stay is appropriate in this instance. Under Federal Rule of Civil Procedure 56(d), a plaintiff may ask the Court to defer ruling on a motion for summary judgment or allow time to obtain affidavits or take discovery if the plaintiff shows by affidavit or declaration he cannot present facts essential to justify his opposition. Plaintiff has not provided any specific reasons in his objection as to why the Court should stay the case until more discovery is obtained. Therefore, this request is also denied.

---

[11] Doc. 108 is Plaintiff's Reply to his Motion to Compel Discovery. Doc. 103 is Plaintiff's Motion to Compel Expedited Briefing. Doc. 101 is Plaintiff's Motion to Compel Discovery. Doc. 83 is Notice of Service by Plaintiff of Privilege Log for Discovery.

Plaintiff's objection to Magistrate Judge Mitchell's Order denying his Motion to Compel is overruled.

**IT IS THEREFORE ORDERED** that Plaintiff's Objection to Order of Magistrate Judge re 85 & 86 (Doc. 88) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objection to Order of Magistrate Judge re 84 (Doc. 89) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objection to Order of Magistrate Judge re Order on Motion for Reconsideration (Doc. 92) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objection to Order of Magistrate Judge re Order on Motion to Compel Discovery (Doc. 117) is **OVERRULED**.

**IT IS SO ORDERED**.

Dated this 23rd day of October, 2019.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE